UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE,<br><br>               *Plaintiff,*<br>v.<br><br>THE TRUSTEES OF BOSTON COLLEGE,<br><br>               *Defendant.* | **CIVIL ACTION NO. 23-12737-ADB** |

**DECLARATION OF TRISTAN P. COLANGELO, ESQ. IN SUPPORT OF
PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM**

I, Tristan P. Colangelo, Esq., hereby declares subject to the penalties of perjury pursuant to 28. U.S.C. § 1746:

1. I am a partner at Kerstein, Coren & Lichenstein, LLP, the attorneys for Plaintiff John Doe ("Plaintiff") in the above-captioned case. I am admitted to practice in the courts of the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts, among other admissions.

2. I respectfully submit this declaration in support of Plaintiff's Motion to Proceed Under Pseudonym.

3. On November 14, 2023, I filed the Complaint in the instant action on behalf of John Doe.

4. The following day, I spoke with Defendant's counsel about whether the Complaint should be impounded while the Parties briefed the issues concerning Plaintiff's use of pseudonym, the identification of various BC officials, and the nature of certain allegations.

5. During my conversations with defense counsel, I determined that counsel correctly identified the Plaintiff, despite the Complaint being filed under a pseudonym.

1

6. After conferring, the Parties agreed to jointly request the Complaint be sealed until the Parties could brief issues related the Plaintiff's use of a pseudonym and the Court could issue a ruling.

7. The Court allowed the Parties Joint Motion on November 20, 2023. (Doc. 4).

8. In his Complaint, Doe brings two counts for breach of contract related to an agreement he executed with BC.

9. In the agreement, which was not attached to the Complaint, Plaintiff agreed to dismiss various Title IX complaints and grievances against BC, which included allegations of sexual misconduct, assault, retaliation, and failure to provide reasonable accommodations.

10. In return, BC was to dismiss certain charges against Plaintiff concerning alleged disciplinary violations while Plaintiff was a student at BC. As part of the agreement, BC was required not to disclose information related to the dismissed charges to third parties.

11. In his Complaint, Plaintiff alleges in detail that he was the victim of sexual misconduct by BC employees and officials, and that he was retaliated against when he reported these events.

12. Plaintiff originally reported these events to BC as Title IX complaints.

13. The allegations include sensitive details, which Plaintiff never expected to be made public. In accordance with the terms of the agreement, Plaintiff has kept the details confidential.

14. Given the personal and explicit nature of the allegations, Plaintiff should be permitted to protect his identity by pursuing this action under a pseudonym.

15. Requiring Plaintiff to disclose his identity to pursue his claims will cause Plaintiff to suffer harm, as details of his sexual abuse will become public.

16. Moreover, if required to disclose his identity, Plaintiff may determine that the potential harm of disclosing his identity is not worth pursing his claims – essentially the type of chilling effect courts including the First Circuit warn against.

17. Finally, Plaintiff had expected his various Title IX complaints concerning sexual misconduct and retaliation, as well as his grievances concerning BC's alleged failure to provide reasonable accommodations would remain confidential.

Signed under the penalties of perjury this 22nd day of November, 2023.

>*/s/ Tristan P. Colangelo*
>Tristan P. Colangelo, Esq.