UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE, *Plaintiff*, <br><br> v. <br><br> THE TRUSTEES OF BOSTON COLLEGE, <br><br> *Defendant*. | Civil Action No. 23-12737-ADB |

**DEFENDANT BOSTON COLLEGE'S MEMORANDUM
IN SUPPORT OF MOTION TO STRIKE
<u>ALLEGATIONS IN PLAINTIFF'S COMPLAINT</u>**

Defendant Trustees of Boston College ("BC") moves pursuant to Fed. R. Civ. P. 12(f) to strike from Plaintiff's Complaint immaterial, impertinent, and scandalous allegations against BC employees (the "Employees"). The Plaintiff, who refers to himself as John Doe ("Doe"), alleges simple contract claims against BC in the Complaint, but unnecessarily fills his complaint with serious allegations of misconduct against four nonparty employees of BC, identified by name—allegations which are immaterial to his ability to state a claim for relief and which serve only to publicly shame and needlessly harm the named employees. Doe's public naming of the Employees in connection with unsubstantiated allegations of misconduct by them is consistent with Doe's history of harassing behavior toward these BC employees. Doe lodges these allegations from behind a cloak of anonymity. Accordingly, and for the reasons outlined below, the Court should strike all portions of Doe's Complaint that include immaterial, impertinent, and scandalous allegations against the Employees, specifically including paragraphs 1 and 8-90.

**FACTUAL BACKGROUND**

Doe alleges claims for Breach of Contract (Count I) and Breach of Implied Covenant of Good Faith and Fair Dealing (Count II) against BC based on an Agreement between the parties. Compl. at ¶ 92. The purpose of the Agreement was to resolve a pending disciplinary proceeding against Doe and Doe's pending grievances against BC and BC employees, resolving all disagreements between Doe and BC with respect to that proceeding and those grievances. The parties agreed that BC would dismiss a pending disciplinary case against Doe and expunge unadjudicated charges from his student conduct record in exchange for Doe's agreement to withdraw his complaints and grievances against BC employees. Compl. at ¶¶ 93, 94.

Pursuant to the Agreement, (1) in response to third-party inquiries to BC concerning Doe's disciplinary record, BC would disclose only a single disciplinary finding based on an incident on April 30, 2019, and (2) as to that disciplinary finding, BC would comment only that Doe "was found responsible for failure to comply with a university directive, and completed one semester of university probation." Compl. at ¶ 96.

The disciplinary charges against Doe were the result of his violation of a Stay Away Order issued by BC to protect a BC employee whom Doe repeatedly contacted and harassed, and who feared for her safety. While at BC, Doe displayed a concerning and harassing pattern of behavior toward several BC employees, including making unsupported allegations of sexual misconduct against two BC employees, bringing a number of baseless complaints against several BC employees, and expressing an interest in an inappropriate relationship with a BC employee, stalking that same employee and repeatedly sending her anonymous harassing e-mails, some of which included threats by Doe of self-harm. Numerous police reports and internal BC e-mails substantiate his conduct and the BC employees' concerns and fears.

Doe alleges that BC violated the Agreement by disclosing to Doe's prospective medical schools more information about Doe's disciplinary history than the Agreement allowed. Compl. at ¶¶ 111, 112, 116, 135, 136. Doe alleges that the information provided by BC caused him to be rejected from medical school. Compl. at ¶¶ 117, 118.

BC denies Doe's allegations. The evidence will show that Doe failed to get into medical school on his own merit and that his own incredible explanations to admissions staff concerning his disciplinary history sunk his chances of admission.

## PROCEDURAL HISTORY

Doe filed his Complaint on November 14, 2023. Included in Doe's Complaint are 138 paragraphs in which Doe details serious and irrelevant allegations of misconduct against named BC Employees who are not party to this action. It is clear that Doe does this only to further harass the BC Employees and for perceived leverage against BC.

On November 20, 2023, the parties jointly filed a Motion for Temporary Impoundment of Complaint to allow the parties to brief the issue of whether Plaintiff and certain BC employees should be referred to by pseudonyms and whether immaterial and scandalous allegations should be struck from the Complaint. The motion to impound was allowed by the Court on the same day.

## ARGUMENT

Pursuant to Fed. R. Civ. P. 12(f), the court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). While this Rule provides the court with broad discretion to strike comments that are not "substantive elements of the cause of action," *Alvarado–Morales v. Digital Equip. Corp.*, 843 F.2d 613, 618 (1st Cir. 1988), the courts favor a motion which, as here, is narrow in scope, *Doe v. Brown Univ.*, 304 F. Supp. 3d 252, 266 (D.R.I. 2018).

A matter is immaterial where it has "no essential or important relationship" to the cause of action pled. *McLeod v. Fessenden Sch.*, 626 F. Supp. 3d 220, 222 (D. Mass. 2022); *Leader v. Harvard Univ. Bd. of Overseers*, No. CV 16-10254-DJC, 2017 WL 1064160, at *6 (D. Mass. Mar. 17, 2017). *Compare McLeod v. Fessenden Sch.*, 626 F. Supp. 3d 220, 222 (D. Mass. 2022) (striking irrelevant background information about university employee where claims involved sexual abuse) with *Hall v. President & Trustees of Bates Coll.*, No. 2:22-CV-00090-JAW, 2022 WL 17485903, at *15 (D. Me. Dec. 7, 2022) (declining to strike student's allegations of pattern of discriminatory conduct though each individual instance alleged was not directly probative of the student's discrimination claims). Immaterial allegations in a complaint can rise to the level of prejudice when the material "has the effect of confusing the issues or where it is so lengthy and complex that it places an undue burden on the responding party." *Leader v. Harvard Univ. Bd. of Overseers*, No. CV 16-10254-DJC, 2017 WL 1064160, at *6 (D. Mass. Mar. 17, 2017) (*quoting Anderson v. Board of Educ. of City of Chicago*, 169 F. Supp. 2d 864, 868 (N.D. Ill. 2001)). Notably, even without a showing of prejudice, the court has the authority to strike "repetitious and unnecessary" "clutter" in a Complaint. *Autila*, 342 F.R.D. at 32 (*quoting Sheffield v. City of Boston*, 319 F.R.D. 52, 55 (D. Mass. 2016)).

A matter is impertinent where it "do[es] not pertain, [or is] not necessary, to the issues in question." *McLeod*, 626 F. Supp. 3d at 222. Scandalous matter constitutes statements that "improperly cast[ ] a derogatory light on someone." *Autila*, 342 F.R.D. at 31 (citation omitted).

    A.  <u>The Allegations Against Nonparty BC Employees are Immaterial</u>.

The Court should strike paragraphs 1 and 8-90 of Doe's Complaint as immaterial to his breach of contract claim. To state a claim for breach of contract, Doe need only allege the existence of a contract, breach, and damages. *Scholz v. Goudreau*, 901 F.3d 37, 43 (1st Cir.

4

2018).  Doe accomplishes that with paragraphs 91-138.  Likewise, to state a claim for breach of the implied covenant of good faith and fair dealing, Doe needs to allege that BC acted with an improper means or motive with its breach. *Christensen v. Kingston Sch. Comm.*, 360 F. Supp. 2d 212, 229 (D. Mass. 2005). Doe's allegations in paragraphs 97-138 sufficiently state claims for both counts.  Doe has no need to detail scurrilous allegations that are immaterial and entirely extraneous to his contract claims.  While some, but not all, of the alleged events gave rise to complaints that led to the existence of the contract, these alleged events are attenuated from the alleged breach.

Specifically, paragraphs 1 and 8-90 discuss Doe's social anxiety, alleged bullying of Doe by other BC students, an altercation between Doe and his former roommate, allegations that a BC employee hit and sexually assaulted Doe, Doe's interactions with another BC Employee whom he looked to as a mentor and whom he later was ordered to stay away from, Doe's utilization of BC's counseling service, Doe's interactions with a third BC employee whom he claims bullied him, Doe's suicidal revelations to BC employees, Doe's interactions with a fourth BC Employee whom Doe accused of sexually assaulting him, and disciplinary measures that were taken against Doe. None of these background allegations are pertinent to Doe's claim that he had a contract with BC and that BC breached that contract, causing him damages. *See Xerox Corp. v. ImaTek, Inc.*, 220 F.R.D. 244, 245 (D. Md. 2004) (striking allegations relating to defendant's alleged motivation to breach agreement, as such allegations were immaterial and were being used by plaintiff to "muddy the waters" in relatively straightforward case).

    B. <u>The Allegations Against Nonparty BC Employees are Scandalous and Create "Clutter."</u>

The Court should strike paragraphs 1, 19-21, 33-37, 47-57, 65-83, and 86 of Doe's Complaint as scandalous allegations not relevant to Doe's claims.  Where, as here, "irrelevant

allegations threaten to cast a private individual in a derogatory light . . . Rule 12(f) is used to purge the court's files and protect the person who is the subject of the allegations." *Gauthier v. United States*, No. CIV.A. 4:10-40116, 2011 WL 3902770, at *12 (D. Mass. Sept. 2, 2011) (quotation omitted). The unsupported association of individuals with sexual misconduct is enough to warrant striking the content which makes the association. *Id.* at *12.

Paragraph 1 alleges that BC Employees sexually assaulted Doe and retaliated against Doe. Paragraphs 19-21 accuse a named BC Employee of sexually assaulting and then hitting Doe. Paragraphs 33-37 accuse a named BC Employee of mistreating Doe. Paragraphs 47-54 accuse a named BC Employee of berating, belittling, and bullying Doe and accuse another named BC Employee of sexual assault and abuse of Doe. Paragraphs 55-57 accuse two named BC Employees of conspiring to file a false police report against Doe. Paragraphs 65-83 and 86 accuse a named BC Employee of manipulating, mistreating, and sexually assaulting Doe.

Doe's allegations of misconduct by the BC Employees are not germane to his breach of contract claim. They needlessly clutter the complaint with scandalous irrelevancies. Moreover they pose a substantial risk of psychological and reputational harm to the employees, who have already been victimized at length by Doe. These allegations should be struck.

In addition to harming the reputation of the named BC Employees, these allegations require BC to invest unnecessary time and resources in responding to allegations that are unnecessary to state a claim for relief. *See Xerox Corp.*, 220 F.R.D. at 245 (defendant would be prejudiced by "additional and unnecessary costs required to respond to [plaintiff's] wholly irrelevant allegations").

## CONCLUSION

For the foregoing reasons, the Court should GRANT BC's Motion to Strike.

Respectfully submitted,

TRUSTEES OF BOSTON COLLEGE

By their attorney,

/s/ Alan D. Rose
Alan D. Rose (BBO # 427280)
Laura B. Kirshenbaum (BBO # 684886)
Alexandra M. Klindienst (BBO # 708383)
Rose Law Partners LLP
One Beacon Street, 23rd Floor
Boston, MA 02108
Phone: 617-536-0040
Fax: 617-536-4400
adr@rose-law.net
lbk@rose-law.net
amk@rose-law.net

Date:   November 30, 2023

**CERTIFICATE OF SERVICE**

    I, Alan D. Rose, hereby certify that, on this 30th day of November, 2023, the within document was served upon all counsel of record through this Court's electronic filing system (CM/ECF) as identified on the Notice of Electronic Filing.

*/s/ Alan D. Rose*
Alan D. Rose